IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DWIGHT L. TUCKER, | ) | 8:11CV445 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, and | ) | |
| FRED BRITTEN, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

    An initial review has been conducted on Dwight L. Tucker's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (filing no. 1) to determine whether the claims made by the petitioner, Dwight L. Tucker, (Tucker) are, when liberally construed, potentially cognizable in federal court.  Liberally construed, Tucker asserts three claims.

    Claim One[1]:    he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel failed to (1) advise him of his right against self-incrimination, (2) move for a new trial on the basis that the verdict on count II was contrary to the law, (3) object to charges based on a constitutionally defective statute, and (4) object to the prosecutor's remarks during closing argument.

    Claim One[2]:    he was denied the effective assistance of counsel in

---

    [1]Claim One combines Grounds Three, Four, Eight, and Ten of the petition. (Filing No. 1 at CM/ECF pp. 9-20.)

    [2]Claim Two combines Grounds Five, Nine, and Eleven of the petition. (*Id*. at CM/ECF pp. 13-22.)

> violation of the Sixth and Fourteenth Amendments *because* his appellate counsel failed to (1) specifically assign and argue that his conviction on count II violated his constitutional right to due process, (2) research, brief and argue that he was convicted under a constitutionally defective statute, and (3) raise the issue of prosecutorial misconduct.

Claim Two[3]: he was denied due process in violation of the Fourteenth Amendment *because* (1) the district court lacked jurisdiction to try him, (2) the district court failed to advise him of his right against self-incrimination, (3) the district court convicted him of a charge that was dismissed, and (4) he was convicted on the basis of a constitutionally defective statute.

(Filing No. 1 at CM/ECF pp. 7-22.)

Liberally construed, I preliminarily decide that Claims One through Three, as set forth in this memorandum and order, are potentially cognizable in federal court. However, I caution Tucker that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent him from obtaining the relief sought.

Also, Tucker has filed a Motion to Appoint Counsel for Writ of Habeas Corpus. (Filing No. 3.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims

---

[3]Claim Three combines Grounds One, Two, Six, and Seven of the petition. (*Id*. at CM/ECF pp. 7-17.)

2

is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Tucker's request, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (filing no. 1), I preliminarily determine that Claims One through Three, as set forth in this memorandum and order, are potentially cognizable in federal court.

2. Tucker's Motion to Appoint Counsel for Writ of Habeas Corpus (filing no. 3) is denied without prejudice to reassertion.

3. The clerk of the court is directed to mail copies of this memorandum and order and the petition to the respondents and the Nebraska Attorney General by regular first-class mail.

4. By **March 16, 2012**, the respondents shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 16, 2012**: deadline for the respondents to file state court records in support of answer or motion for summary judgment.

5. If the respondents elect to file a motion for summary judgment, the following procedures shall be followed by the respondents and Tucker:

A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and the respondents' brief shall be served upon Tucker *except* that the respondents are only required to provide Tucker with a copy of the specific pages of the record which are cited in the respondents' brief. In the event that the designation of state court records is deemed insufficient by Tucker, he may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Tucker shall file and serve a brief in opposition to the motion for summary judgment. Tucker shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Tucker's brief, The respondents shall file and serve a reply brief. In the event that the respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, the respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Tucker**.

6.    If the respondents elect to file an answer, the following procedures shall be followed by the respondents and Tucker:

    A.    By **March 16, 2012**, the respondents shall file <u>all</u> state court records which are relevant to the cognizable claims. *See, e.g.,* [Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*](). Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.    No later than 30 days after the filing of the relevant state court records, the respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters related to the case including, but not limited to, the merits of Tucker's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.,* [Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*]().

C. Copies of the answer, the designation, and the respondents' brief shall be served upon Tucker at the time they are filed with the court *except* that the respondents are only required to provide Tucker with a copy of the specific pages of the designated record which are cited in the respondents' brief. In the event that the designation of state court records is deemed insufficient by Tucker, he may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the respondents' brief, Tucker shall file and serve a brief in response. Tucker shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Tucker's brief, the respondents shall file and serve a reply brief. In the event that the respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 16, 2012**: check for the respondents to file answer and separate brief.

7.   No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated February 6, 2012.

         BY THE COURT

         s/ Warren K. Urbom
         United States Senior District Judge